# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| **ERNEST DAVID BAILEY,** | **CIVIL ACTION NO. 5:16-241- KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** **ACTING COMMISSIONER OF SSA,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff Ernest David Bailey brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits. The Court, having reviewed the record, will reverse the Commissioner's decision and remand this matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Bailey's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Bailey has not engaged in substantial gainful activity since December 15, 2011, the alleged onset date. (Administrative Record ("AR") at 15.)

At step two, the ALJ determined that Bailey suffers from the following severe impairments: multilevel spondylosis, cervical spine; mild multilevel spondylosis, thoracic spine; mild multilevel spondylosis, lumbar spine; and right shoulder osteoarthritis, status-post arthroscopy. (AR at 15.)

At step three, the ALJ found that Bailey did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 17.)

Before proceeding to step four, the ALJ determined that Bailey had the residual functional capacity (RFC) to perform the following functions:

> The claimant can lift/carry 50 pounds occasionally and 25 pounds frequently. The claimant can stand for approximately six hours in an eight hour day and claimant can sit for approximately six hours in an eight-hour day; he can occasionally push or pull with the dominant right upper extremity; never climb ladders, ropes or scaffolds; occasionally overhead reaching bilateral upper extremities. Claimant should avoid all exposure to vibration and hazards such as unprotected heights or dangerous machinery. He can frequently balance, stoop, kneel, crouch or crawl.

(AR at 17.)

At step four, the ALJ determined that, given the RFC described above, Bailey can still perform his past relevant work as a custodian and factory worker and, therefore was not disabled. (AR at 21.)

Despite having determined at step four that Bailey was not disabled, the ALJ proceeded to step five for an alternative finding. Here, the ALJ found that, given the RFC described above, even if Bailey cannot perform his past relevant work, he can perform jobs that exist in significant numbers in the national economy and, thus, he is not disabled. (AR at 21-22.)

**ANALYSIS**

Bailey raises essentially three objections to the ALJ's decision. First, he argues that the ALJ erred in failing to find that his mental impairments were severe and in failing to consider them in developing the RFC. Second, he argues the ALJ erred in failing to consider an opinion of a vocational specialist for a life insurance company. Finally, Bailey argues the ALJ erred in accepting the testimony of the vocational expert who testified at the hearing that Bailey could perform certain jobs.

As to the ALJ's consideration of Bailey's mental impairments, the ALJ did not find them severe. The ALJ did, however, find that Bailey suffered from some severe impairments i.e., physical impairments due to his spine and shoulder pain. Having found any severe impairment, the ALJ was then required to proceed to the remaining steps of the disability determination. In making the determination, "the ALJ must consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are not severe." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir.2007)). "Thus, so long as the ALJ considered all of the individual's impairments when assessing how much work the claimant can do, the 'failure to find additional severe impairments . . . does not constitute reversible error.'" *Id.* (quoting *Fisk*, 253 F. App'x at 583).

Accordingly, the real issue, which Bailey raises, is whether the ALJ considered Bailey's mental impairments when determining his ability to work. (DE 10-1, Mot. at 11.) This was not Bailey's first application for disability insurance benefits. On his first application, in a decision dated August 20, 2013, a different ALJ denied Bailey benefits and found that Bailey's RFC should contain no restrictions for mental functional limitations. (AR at 68-69.) "Social security claimants are bound by the principles of res judicata." *Drummond v. Comm'r of Soc. Sec.*, 126

F.3d 837, 841 (6th Cir. 1997). Thus, the ALJ in the most recent disability determination was required to adopt the prior ALJ's assessment of Bailey's RFC "unless there is new and material evidence relating to such a finding or there has been a change in the law." *Alston v. Berryhill*, No. 3:16-CV-205, 2017 WL 2625397, at *6 (S.D. Ohio June 19, 2017) (quoting AR 98-4(b), 1998 WL 283902, at *3 (Soc. Sec. Admin. June 1, 1998)).

The ALJ on the decision under review found that such new and material evidence existed here, at least with regard to Bailey's physical impairments. (AR at 13.) As to evidence of a change in Bailey's mental health condition after the August 20, 2013 decision, Bailey points to the opinion of consultative psychologist Dr. David Atcher, who examined Bailey on January 20, 2014 and diagnosed him with major depression and panic disorder. Dr. Atcher opined that Bailey "cannot reliably carry through with complex tasks and directions due to poor short term memory and short attention span." Dr. Atcher further opined that Bailey "would not respond well to the usual pressures of the work environment due to panic attacks." (AR at 522-23).

The ALJ discussed Dr. Atcher's findings but she did not weigh Dr. Atcher's opinion or explain why it was not adopted. (AR at 18-19.) The Commissioner concedes that this is a "technical error." (DE 11, Mot. at 10.) *See* SSR 96-8P, 1996 WL 374184 (S.S.A. July 2, 1996) ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); 20 C.F.R. § 404.1527(c).

Nevertheless, the Commissioner argues the error was harmless because the ALJ was bound by the prior ALJ decision finding that Bailey's RFC should include no limitations for mental impairments. Dr. Atcher's latest opinion, however, was issued *after* the first ALJ decision. Accordingly, the second ALJ was required to consider the latest opinion and determine

4

if it constituted "new and material evidence" of a change in Bailey's mental condition. Without more discussion of Dr. Atcher's opinion, the Court cannot find that the ALJ was bound by the prior ALJ decision finding that Bailey had no mental restrictions on his ability to work.

Second, Bailey argues that the ALJ erred in failing to mention or discuss an opinion by Jody Barach, who is the manager of medical and vocational services for Reliance Standard Life Insurance Company. (AR at 731-32.) In her opinion, Barach refers to the findings of an "A. Purtell," that Bailey's medical records "support sedentary restrictions and limitations based on ongoing neck and back pain with radiating symptoms to upper and lower extremities." Barach opines that A. Purtell's restrictions appear "reasonable and supported." (AR at 731).

Citing 20 C.F.R. § 404.1527(c), Bailey argues that the ALJ was required to discuss this report. However, that regulation pertains only to "medical source opinions." There is no indication that Barach is a medical source. Further, Barach opines only that "A. Purtell's" findings were reasonable. There is no indication in the record that A. Purtell is a medical source. In fact, there is no evidence of who A. Purtell is at all. Accordingly, the ALJ was not required to address Barach's opinion in her decision. Barach also finds that, given Bailey's restrictions, educational background, and vocational history, "no alternative occupations were identified." (AR at 732.) This finding that Bailey is "unable to work" is an opinion on an issue reserved to the Commission. Accordingly, the ALJ was not required to give this opinion any "special significance." 20 C.F.R. § 404.1527(d)(1), (3).

Finally, Bailey argues that the ALJ erred in accepting the opinion of the vocational expert who testified at the hearing. Bailey argues that the ALJ's acceptance of the opinion violated Social Security Ruling 83-10, 1983 WL 31251, and Ruling 83-14, 1983 WL 31254. Those rules, however, govern the manner by which the ALJ should utilize the so-called grids found at 20

5

C.F.R. § 404, Subpart P, Appendix 2. The grids found in this appendix help determine disability where an individual has the RFC to perform a full-range of "sedentary work," "light work," or "medium work." Here, the ALJ did not find that Bailey could perform a *full-range* of medium work. Instead, the ALJ applied certain additional restrictions. (AR at 17.) Accordingly, the ALJ's disability determination was not guided by the grids.

Instead, in determining whether jobs existed in the national economy that Bailey could perform, the ALJ reasonably relied on the opinion of the vocational expert. "The grids are only intended to eliminate the need for a vocational expert where a claimant's impairments are exertionally limiting and the claimant can perform the full range of activities in the physical exertion category." *Randolph v. Sec'y of Health & Human Servs.*, 815 F.2d 79, 1987 WL 36436, at *2 (6th Cir. 1987). "[W]here a disability benefits claimant cannot perform the full range of [activities in an exertion category], a strict, mechanical application of the Act's medical vocational grids is improper; rather, the plaintiff must be evaluated on an individual basis." *Ball v. Astrue*, 755 F. Supp. 2d 452, 465–66 (W.D.N.Y. 2010) (quoting *Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir.1989)). Such an individualized evaluation "can be met only by calling a vocational expert to testify as to the plaintiff's ability to perform some particular job." *Id*.

Because the ALJ's disability determination was not governed by the grids or Social Security Rulings 83-10 and 83-14, the ALJ did not err in accepting the vocational expert's testimony.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **GRANTED** to the extent that the plaintiff requests that this matter be **REMANDED** to the Commissioner;
2. The defendant's motion for summary judgment (DE 11) is **DENIED**;

6

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner; and

4. A judgment will be entered contemporaneously with this order.

Dated September 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY